FILED

COOLEY LLP
MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
PATRICK P. GUNN (172258) (pgunn@cooley.com)
DYLAN R. HALE (240898) (dhale@cooley.com)
RAY A. SARDO (245421) (rsardo@cooley.com)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendants
WILLIAM R. HOLLIDAY, an Individual; and HOLLIDAY IT
SERVICES, INC., a California corporation

12 SEP 19  PM 1: 51

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

INTERNET BRANDS, INC., a Delaware
corporation,

              Plaintiff,

       v.

WILLIAM RYAN HOLLIDAY, an
Individual; HOLLIDAY IT SERVICES,
INC., a California corporation; and JAMES
HEILMAN, an individual; and DOES 1-10,
inclusive,

              Defendants.

Case No.   CV12- 08088 SVW(RZx)

Cal. Superior Court, County of Los
Angeles, Case No.: YC067706

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1331, 1367, 1338,
1441, AND 1446, AND 15 U.S.C. § 1121(a)

Complaint Filed:  August 28, 2012

BY FAX

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

       PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1367(a), 1338, 1441, 1446, and

15 U.S.C. § 1121(a), defendants William R. Holliday ("Ryan Holliday") and Holliday IT

Services, Inc. ("Holliday IT Services") (collectively "Holliday Defendants"), by their undersigned

attorneys, hereby remove the above-captioned civil action, and all claims and causes of action

therein, from the Superior Court of California, County of Los Angeles, to the United States

1   District Court for the Central District of California, Western Division.  Holliday Defendants state

2   as follows:

3   **Jurisdiction and Authority for Removal**

4          1)     On August 28, 2012, an action was commenced by plaintiff Internet Brands, Inc.

5   ("Plaintiff" or "IB") against the Holliday Defendants and James Heilman in the Superior Court of

6   the State of California for the County of Los Angeles, entitled "INTERNET BRANDS, INC., a

7   Delaware corporation v. WILLIAM RYAN HOLLIDAY, an Individual; HOLLIDAY IT

8   SERVICES, INC., a California Corporation; and JAMES HEILMAN, an individual; and DOES

9   1-10, inclusive" ("*Internet Brands*"), with case number YC067706.  This removal is therefore

10  timely under 28 U.S.C. § 1446(b).

11         2)     Attached hereto as **Exhibit A** are all documents served on the removing

12  defendants in the *Internet Brands* case file, including a copy of the *Internet Brands* Complaint.

13         3)     The Central District of California, Western Division, encompasses Los Angeles

14  County.

15         4)     This Court has original jurisdiction over this action under 28 U.S.C. § 1331, 1338

16  and 15 U.S.C. § 1121(a) because the Complaint alleges, as Count II, a violation of the "Lanham

17  Act, § 43(a), 15 U.S.C. § 1125."  Thus, removal is based on a claim "arising under" federal law.

18         5)     This Court has supplemental jurisdiction over Counts I, III, and IV of this action

19  because these counts are so related to Count I that they form part of the same case or controversy

20  under Article III of the United States Constitution.  *See* 28 U.S.C. § 1367.

21         6)     The Holliday Defendants may thus remove this action to this Court under 28

22  U.S.C. § 1441.

23  **Joinder of All Defendants in Notice of Removal**

24         7)     All Holliday Defendants are joined in this notice of removal, but defendant James

25  Heilman is not joined because he has not been served, and is therefore not required to join in the

26  removal.[1]  *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

27  ───────────────────

28  [1] Plaintiff has also failed to complete valid service on defendant Ryan Holliday, but defendant Ryan Holliday does not contest the service defects.

1    **Notice to Plaintiff and Superior Court of Removal of Civil Action**

2          8)     Holliday Defendants will promptly serve a copy of this Notice of Removal on

3    counsel for Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior

4    Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

5    Dated: September 19, 2012          COOLEY LLP

6                        MICHAEL G. RHODES (116127)
                    PATRICK P. GUNN (172258)

7                        DYLAN R. HALE (240898)
                    RAY A. SARDO (245421)

8

9

10                       Patrick P. Gunn (172258)
                    Attorneys for Defendants William R. Holiday and

11                       Holliday IT Services, Inc.

12   1285853/SF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A
# To Notice of Removal

08/29/2012 11:11 FAX  3106453379          Westside Justice                                    @0003/0015

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| FOR COURT USE ONLY |
|---|
| (SOLO PARA USO DE LA CORTE) |
| **CONFORMED COPY** |
| OF ORIGINAL FILED |
| Los Angeles Superior Court |
| AUG 2 9 2012 |
| John A. Clarke, Executive Officer/Clerk |
| By T. Rhodes, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WILLIAM RYAN HOLLIDAY, an Individual; HOLLIDAY IT
SERVICES, INC., a California corporation;(see additional form attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

INTERNET BRANDS, INC., a Delaware
corporation,

**BY FAX**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court | CASE NUMBER:<br>*(Número del Caso):* YC067706 |
|---|---|

Torrance Courthouse
825 Maple Ave., Torrance, CA 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wendy E. Giberti; iGeneral Counsel, PC; 9595 Wilshire Blvd, STE 900, Beverly Hills, CA 90212

| DATE:<br>*(Fecha)* AUG 2 9 2012 | JOHN A. CLARKE Clerk, by<br>*(Secretario)* | T. RHODES | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Internet Brands, Inc. v. William Ryan Holliday, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

and JAMES HEILMAN, an individual; and DOES 1-10, inclusive,

Page __1__ of __1__

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

08/29/2012 11:10 FAX 3108453379          Westside Justice                    ☒0002/0015

**NO SUMMONS ISSUED UPON FILING**

1  Wendy Evelyn Giberti (SBN 268576)
   wgiberti@igeneralcounsel.com
2  iGeneral Counsel, P.C.
   9595 Wilshire Blvd., STE 900
3  Beverly Hills, CA 90212
   Telephone: (310) 300-4082
4  Facsimile: (310) 300-8401

5  Attorney for Plaintiff INTERNET BRANDS, INC., a Delaware Corporation

6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9        **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10  INTERNET BRANDS, INC., a Delaware )  Case No. **YC067706**
    corporation,                      )
11                                    )  **COMPLAINT FOR:**
                  Plaintiff,          )
12                                    )
         v.                           )  1) **TRADEMARK**
13                                    )     **INFRINGEMENT;**
    WILLIAM RYAN HOLLIDAY, an         )
14  Individual; HOLLIDAY IT SERVICES, )  2) **UNFAIR BUSINESS**
    INC., a California corporation; and )    **PRACTICES UNDER THE**
15  JAMES HEILMAN, an individual; and )    **LANHAM ACT;**
    DOES 1-10, inclusive,            )
16                                    )  3) **UNFAIR BUSINESS**
                                      )     **PRACTICES UNDER**
17               Defendants.          )     **CALIFORNIA BUSINESS**
                                      )     **PRACTICES ACT, SECTION**
18                                    )     **17200; and**
                                      )
19                                    )  4) **CIVIL CONSPIRACY**
20  _____ )

21

22        **COMES NOW** Plaintiff, INTERNET BRANDS, INC. ("Internet Brands" or

23  "Plaintiff"), and for its claims against WILLIAM RYAN HOLLIDAY, an

24  individual, HOLLIDAY IT SERVICES, INC., a California Corporation, and

25  JAMES HEILMAN, an individual, (collectively, "Defendants") hereby alleges as

26  follows:

27

28

                              COMPLAINT

*(stamp)* CASE ASSIGNED FOR ALL PURPOSES TO Judge **STUART M. RICE** Dept. **B**  Div.

CONFORMED COPY OF ORIGINAL FILED
Los Angeles Superior Court
AUG 2 8 2012
John A. Clarke, Executive Officer/Clerk
By Lanelle M. Galindo, Deputy

BY FAX

## JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over Defendants pursuant to the California Code of Civil Procedure, Section 410.10, the California State Constitution, and the United States Constitution, in that Defendants Holliday and Holliday IT Services, Inc. are residents of the State of California and Defendant Heilman has purposefully availed himself of commerce in the State of California, violated a contract entered into in California, and tortuously caused injury within the State of California.

2.      Venue is proper in this Court pursuant to California Code of Civil Procedure, Section 395, in that Defendants Holliday and Holliday IT Services, Inc. reside in Los Angeles County and the injury occurred in Los Angeles County.

## THE PARTIES

1.      Internet Brands is a Delaware corporation having its principal place of business at 909 Sepulveda Boulevard, 11th Floor, El Segundo, California, 90245.

2.      Plaintiff is informed and believes and thereon alleges that Defendant Holliday IT Services, Inc. is a corporation organized and existing pursuant to the laws of the State of California, with its principal place of business located at 4247 Neosho Ave., Los Angeles, CA 90066-6129.

3.      Plaintiff is informed and believes and thereon alleges that Defendant William Ryan Holliday ("Holiday") is an individual who resides in Los Angeles County, State of California.

4.      Upon information and belief, Defendant Holliday IT Services, Inc. is merely the alter-ego of Defendant Holliday and thus liability against Defendant Holliday and Defendant Holliday IT Services, Inc. should be joint and several, and this Court may appropriately pierce the improper corporate veil to adjudicate personal liability against Defendant Holliday.

5.      Plaintiff is informed and believes and thereon alleges that Defendant James Heilman ("Heilman") is an individual who resides in the province of

1    Saskatchewan, Canada.

2                    **FACTS GIVING RISE TO CLAIMS**

3        6.      Internet Brands restates, re-alleges and incorporates paragraphs 1

4    through 5 as if fully set forth herein.

5        7.      Headquartered in El Segundo, California, Internet Brands is a media

6    company that operates various websites and also develops and licenses Internet

7    software and social media applications.  Within its Consumer Internet Division,

8    Internet Brands owns and operates more than 200 websites in nine different

9    categories, including travel.

10       8.      Within the travel category, Internet Brands owns and operates twenty-

11   seven different travel related websites, including wikitravel.org (the "Wikitravel

12   Website"), which it acquired in 2005 for $1,700,000 from Evangelo Prodromou

13   and Michele Jenkins (the "Sellers").

14       9.      The Wikitravel Website is a website designed and operated to create a

15   free, complete, up-to-date, and reliable worldwide travel guide.  To date, the

16   Wikitravel Website has over 62,000 destination guides and other articles written

17   and edited by travellers from around the globe.

18       10.     In addition to owning the Wikitravel Website, Internet Brands owns

19   and has the rights to the trademark "WIKITRAVEL" (the "Trademark"), which it

20   has used consistently and continuously since 2005. Today, Wikitravel is one of the

21   largest and most popular travel information website in the world, known

22   worldwide by its tradename.

23       11.     The content on the Wikitravel Website can be created, deleted,

24   modified, and otherwise edited by anyone, and is done so under a Creative

25   Commons Attribution – ShareAlike License (the "License").

26       12.     The License essentially provides that every contributor to the

27   Wikitravel Website gives the right to anyone else to copy the content, so long as

28   the copier gives attribution to the original content creator and retains the work and

1  any derivative works under the same License.

2      13.   Internet Brands employs a strong team of technology, management,

3  and other business personnel to oversee, operate, and improve the Wikitravel

4  Website.

5      14.   In addition, Internet Brands relies on its staff and dozens of volunteer

6  administrators (the "Administrators") to protect the quality of the content posted,

7  to remove spam, and to otherwise oversee the Wikitravel Website.

8      15.   Defendant Holliday was an Administrator on Wikitravel from June

9  27, 2005 until August 21, 2012.

10     16.   The Wikimedia Foundation is the organization that operates

11  Wikipedia.org and other "sister projects."

12     17.   The Wikimedia Foundation has raised tens of millions of dollars,

13  some of, which it intends to use for the benefit of "sister projects" including other

14  Wiki sites.

15     18.   Heilman is a Board member of Wikimedia Canada, which is the

16  thirty-third local chapter of the Wikimedia Foundation.

17     19.   On February 23, 2012, Heilman signed up for an account on

18  Wikitravel, and, for the first time, posted on that site.

19     20.   Heilman's February 23rd and subsequent posts were not for the benefit

20  of the Wikitravel users or its broad community, but were specifically for the

21  benefit of the Wikimedia Foundation.  Specifically, he began a course of conduct

22  intended to usurp the Wikitravel community; these actions included deliberately

23  misleading statements, and Trademark infringement and violation of Internet

24  Brands' intellectual property rights.

25     21.   His plan was simple: create the illusion that Wikitravel Website was

26  substantially "broken" and that the Wikimedia Foundation, out of generosity and

27  benevolence, would be "bringing together," "integrating" or "migrating"

28  Wikitravel to its control for the benefit and betterment of the Wiki community.

22.     Heilman announced that the "new" site, which would combine the Wikitravel Website through a straw-man transaction with Wikivoyage.org (the "Wikivoyage Website") into a Wikimedia Foundation website that would be called "Wiki Travel Guide" (the "Infringing Website").

23.     In order to help effectuate this plan, Heilman offered to assist the formation of the Infringing Website, spearheading and organizing certain planning and logistics of the infringing activity, and playing a broad and substantive role in "carrying the water" for the Infringing Website including the infringing acts.

24.     Heilman was heavily involved in recruiting the support of others for various aspects of the development of the Infringing Website, the violation of the Trademark, and violation of the License.

25.     In April, Heilman and Ryan engaged in an email thread with several others involved in the scheme in which the parties specifically discussed keeping the matter private for fear that Internet Brands would "get wind of it" and begin "actively resisting."

26.     On July 12, 2012, Heilman met at the Wikimania convention with a number of Administrators and others to reach a further meeting of the minds as to the unlawful acts to be undertaken.

27.     On July 14, 2012, more clearly revealing their true intent of converting the Wikitravel Website to its own project, the Wikimedia Foundation asked Internet Brands to "donate" the Wikitravel Website, domain name, and the trademark rights to WIKITRAVEL.

28.     When Internet Brands refused, the defendants escalated their efforts to trade on the Trademark, confuse the marketplace, misrepresent the origin, and violate the License.

29.     For example, on August 18, 2012, Holliday improperly and wrongfully emailed at least several hundred of Wikitravel members, purporting to be from Wikitravel and informing members that the Wikitravel Website was

1    "migrating" to the Wikimedia Foundation.  Upon information and belief, the

2    number emailed is far greater.

3        30.    Specifically, Holliday's email contained the Subject Line, "Important

4    information about Wikitravel" and its body stated, "This email is being sent to you

5    on behalf of the Wikitravel administrators since you have put some real time and

6    effort into working on Wikitravel.  We wanted to make sure that you are up to

7    date and in the loop regarding big changes in the community that will affect the

8    future of your work!  As you may already have heard, Wikitravel's community is

9    looking to migrate to the Wikimedia Foundation."

10       31.    Holliday and Heilman clearly intended to confuse Wikitravel Website

11    participants into thinking the Wikitravel Website is migrating to Wikimedia, in

12    order to gain, through improper and illegal means, all the traffic and content

13    creators currently contributing to Wikitravel.

14       32.    Holliday not only violated trademark laws, he violated the

15    administrative access given to him by Internet Brands by improperly using

16    personal information stored on Internet Brands' servers about users and writing to

17    them by name, in an attempt to bolster the appearance of a direct communication

18    from the owners of the Wikitravel Website.

19       33.    The defendants pride themselves in operating in a transparent fashion,

20    when in actuality, the defendants have deliberately misrepresented facts and

21    conspired with each other and many more to violate several laws in order to gain

22    personally.

23       34.    Worse still, the creation of "Wiki Travel Guide" has been done

24    without proper attribution to the original content creators, in clear violation of the

25    Attribution-Share License and the rights of the original creators.

26       35.    The defendants Heilman and Holliday clearly have not acted alone.

27    Further investigation continues to reveal additional co-conspirators and additional

28    tortious and improper conduct.  Additional defendants and causes of action are

1   expected through amendment, potentially including other Administrators that have

2   been most corrupt in this scheme and any entity or individuals that provided them

3   support or otherwise participated in these wrongful acts.  This potentially includes

4   the Wikimedia Foundation, members of its Board, other individual members of

5   the Foundation, or anyone else who acted tortiously.

## COUNT I

## COMMON LAW TRADEMARK INFRINGEMENT

8       36.    Internet Brands re-alleges and incorporates the allegations set forth in

9   paragraph 1 through 35 herein

10      37.    Internet Brands owns and uses the Wikitravel trademark and enjoys

11  common law rights to the trademark as set forth above and thus these rights are

12  superior and senior to any rights that Defendants or anyone else may claim to the

13  Trademark.

14      38.    Defendants' use of the Trademark is intentionally designed to

15  replicate the Trademark owned by Plaintiff so as to likely cause confusion in the

16  marketplace as to the source of the Infringing Website, and designed to create the

17  illusion as to the affiliation with or creation by Internet Brands' Wikitravel

18  Website.

19      39.    Defendants' actions are to the detriment of Plaintiff.

20      40.    As a result of the infringing acts by Defendants, Plaintiff has been and

21  continues to be injured and damaged.

## COUNT II

## FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN

## AND TRADE NAME INFRINGEMENT

### (Lanham Act, §43(a), 15 U.S.C. §1125)

26      41.    Internet Brands re-alleges and incorporates the allegations set forth in

27  paragraph 1 through 40 herein.

28      42.    Defendants' unauthorized use of a mark confusingly similar to

6
COMPLAINT

1   Internet Brands' Wikitravel trade name and trademarks for identical and related

2   products, i.e., an informational travel website, falsely indicates that Defendants'

3   and their website are connected with, sponsored by, affiliated with or related to

4   Wikitravel.

5       43.   Defendants' unauthorized use of a mark confusingly similar to

6   Internet Brands' Wikitravel trade name and trademarks for an identical and related

7   website is likely to cause confusion, mistake or deception as to the source,

8   business affiliation, connection or association of Defendants and their website.

9       44.   Defendants' unauthorized use of a mark confusingly similar to

10  Internet Brands' Wikitravel trade name and trademarks for identical and related

11  website allows Defendants to receive the benefit of Internet Brands' Wikitravel

12  goodwill, which Internet Brands has established at great labor and expense, and

13  further allows Defendants to expand its business, based not on its own qualities,

14  but on the reputation and goodwill of Internet Brands' Wikitravel.

15      45.   The acts of Defendants complained of herein constitute unfair

16  competition, false designation of origin, and trade name infringement in violation

17  of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

18      46.   Internet Brands is informed and believes and thereon alleges that

19  Defendants' acts complained of herein have been deliberate, willful and

20  intentional, with full knowledge and in conscious disregard of Internet Brands'

21  rights in its Wikitravel trademark and with intent to trade off of Internet Brands'

22  vast goodwill in its mark.

23      47.   As a result of the foregoing alleged actions of Defendants, Defendants

24  have been unjustly enriched and Internet Brands has been injured and damaged.

25  **COUNT III**

26  **UNFAIR COMPETITION**

27  **(Cal. Bus. Prof. Code §17200)**

28      48.   Internet Brands re-alleges and incorporates the allegations set forth in

7
COMPLAINT

1 | paragraph 1 through 47 herein.

2      49.    Defendants are offering Administrators, contributors and other users a
3  competitive website by trading on Internet Brands' Wikitravel Trademark.

4      50.    Internet Brands is informed and believes and thereon alleges that
5  Defendants are profiting, directly or indirectly, through the use of Internet Brands'
6  Wikitravel Trademark in a deliberate, willful, intentional and wrongful attempt to
7  trade off of Internet Brands' goodwill, reputation and financial investment in its
8  Wikitravel trademark.

9      51.    By reason of the conduct described above, Defendants have engaged
10 in unlawful, unfair and/or fraudulent business practices, and is in violation of Cal.
11 Bus. & Prof. Code Section 17200 because it is likely to deceive and mislead the
12 public.

13     52.    As a direct result of Defendants' unfair competition, Defendants have
14 unlawfully acquired, and continue to acquire on an ongoing basis, an unfair
15 competitive advantage and have engaged, and continue to engage, in wrongful
16 business conduct to their advantage and to the detriment of Internet Brands.

17     53.    As a result of the foregoing alleged actions of Defendants, Defendants
18 have been unjustly enriched and Internet Brands has been injured and damaged.

19

20                    **COUNT IV**
21                **CIVIL CONSPIRACY**

22     54.    Internet Brands re-alleges and incorporates the allegations set forth in
23 paragraph 1 through 53 herein.

24     55.    Two or more persons, including both Defendants, had an agreement
25 or meeting of the minds to commit numerous tortious acts.

26     56.    Two or more persons, including both Defendants did in fact commit
27 numerous tortious acts, as agreed.

28     57.    The commission of those tortious acts caused Plaintiff injury and

1  damages.

2      58.    As a result, Defendants have been unjustly enriched and Internet

3  Brands has been injured and damaged.

4                          **JURY DEMAND**

5  Plaintiffs request a jury trial on all claims so triable.

6

7                       **PRAYER FOR RELIEF**

8  WHEREFORE, Internet Brands prays that:

9      1.  Judgment be entered for Internet Brands on all claims.

10      2.  Defendants, their agents, servants, employees, attorneys, and all others in

11  active concert or participation with any of them, be enjoined and restrained

12  permanently from:

13      (a)  making visible use of the Internet Brands' Wikitravel mark or any other

14  mark confusingly similar thereto;

15      (b)  making any other trademark use of Internet Brands' Wikitravel trade

16  name or trademark; and

17      (c)  doing any other act or thing likely to confuse, mislead, or deceive others

18  into believing that Defendants or their affiliates, employers, contractors, or agents

19  are providing a website service that comes from, is affiliated with, connected with,

20  sponsored or approved by, or associated with Internet Brands' Wikitravel Website;

21      3.  Defendants be required to pay:

22      (a) damages, according to proof at trial;

23      (b) Internet Brands' attorneys' fees and costs of this action, as a result of

24  Defendants' willful infringement of Internet Brands' trademark; and

25      (c)  punitive damages in an amount to be determined at trial as a result of

26  Defendant's willful conspiracy to commit unlawful business practices.

27      4.  Any other relief this Court deems just and appropriate.

28  //

1    DATED: August 21, 2012

2                                                Respectfully submitted,

3                                                iGENERALCOUNSEL, P.C.

4                                                By: *[signature]*

5                                                Wendy Evelyn Giberti
                                                 Attorney for Plaintiff INTERNET
6                                                BRANDS, INC., a Delaware
7                                                Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

08/29/2012 11:12 FAX  3106453378         Westside Justice                    ☒0005/0015

**COPY**

CM-010

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
⌐Wendy Evelyn Giberti (SBN 268913)
iGeneral Counsel, PC
9595 Wilshire Blvd., STE 900
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 300-4082    FAX NO.: (310) 300-8401
ATTORNEY FOR (Name): Plaintiff, Internet Brands, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Torrance Courthouse
</td><td>

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 28 2012

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy
</td></tr>
</table>

CASE NAME:
Internet Brands, Inc. v. William Ryan Holliday, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: YC067706 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 24, 2012
Wendy E. Giberti
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

08/29/2012 11:12 FAX  3108453379          Westside Justice                    ☒0004/0015

# COPY

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | CASE NUMBER | YC067706 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | Civil Case Cover Sheet Category No. | A Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

BY FAX

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | CASE NUMBER |
|---|---|

| | **A**<br>CIVIL Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | CASE NUMBER: |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 909 N. Sepulveda Blvd., 11th Floor |
|---|---|
| ☐1. ☐2. ☒3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 | |
|---|---|---|---|

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Torrance___ courthouse in the ___Southwest___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___August 24, 2012___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

08/29/2012 11:13 FAX  3106453379          Westside Justice                    ☑0006/0015

---

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 8 2012

John A. Clarke, Executive Officer/Clerk

By Lazelle M. Galindo, Deputy

COURTHOUSE ADDRESS
Southwest Dist. 825 Maple Ave., Torrance, CA 90503

PLAINTIFF
Internet Brands Inc

DEFENDANT
Holliday

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER
**YC067706**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 2-4-13    Time: 8:30    Dept: B

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 8-28-12

**STUART M. RICE**

Judicial Officer

---

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated: 8-28-12

By _____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions In Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

08/29/2012 11:15 FAX  3106453379          Westside Justice                    ☒0008/0015

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):      FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| LACIV 229 (new) | STIPULATION – EARLY ORGANIZATIONAL MEETING | Page 1 of 2 |
|---|---|---|
| LASC Approved 04/11 | | |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

08/29/2012 11:16 FAX 3106453379          Westside Justice                    @0010/0015

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____            >            _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR PLAINTIFF)

Date:
                                                                    >
_____                         _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)

Date:
                                                                    >
_____                         _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)

Date:
                                                                    >
_____                         _____
(TYPE OR PRINT NAME)                                            (ATTORNEY FOR DEFENDANT)

Date:
                                                                    >
_____                         (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:
                                                                    >
_____                         (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:
                                                                    >
_____                         (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

08/29/2012 11:16 FAX  3106453379          Westside Justice                    ☑ 0012/0015

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

08/29/2012 11:17 FAX  3106453379          Westside Justice                    ☑0013/0015

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER: | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| | | | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)                          **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11                  (pursuant to the Discovery Resolution Stipulation of the parties)

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:  _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11      **STIPULATION AND ORDER – MOTIONS IN LIMINE**      Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

08/29/2012 11:18 FAX  3106453379          Westside Justice                    ☒0015/0015

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.898, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW** (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or they may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. In the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |

**Private Neutral** The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8585 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR.005 (Rev.12-05)
LASC Approved 05-09

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

08/29/2012 11:11 FAX  3106453379        Westside Justice                    ☒0003/0015

# COPY

**SUMMONS**                                                                    SUM-100
**(CITACION JUDICIAL)**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**AUG 2 9 2012**

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WILLIAM RYAN HOLLIDAY, an Individual; HOLLIDAY IT
SERVICES, INC., a California corporation;(see additional form attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

INTERNET BRANDS, INC., a Delaware
corporation,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):*  YC067706

Torrance Courthouse
825 Maple Ave., Torrance, CA 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wendy E. Giberti; iGeneral Counsel, PC; 9595 Wilshire Blvd, STE 900, Beverly Hills, CA 90212

| DATE: *(Fecha)* | AUG 2 9 2012 | JOHN A. CLARKE Clerk, by *(Secretario)* | T. RHODES | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [✓]  on behalf of *(specify):* Holliday IT Services, Inc., a California corporation
   under: [☒] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Internet Brands, Inc. v. William Ryan Holliday, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

and JAMES HEILMAN, an individual; and DOES 1-10, inclusive,

Page __1__ of __1__

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

08/28/2012 11:10 FAX  3106453378          Westside Justice                    ☎0002/0015

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 8 2012

John A. Clarke, Executive Officer/Clerk

By Lanello M. Galindo, Deputy

1  Wendy Evelyn Giberti (SBN 268813)
   wgiberti@igeneralcounsel.com
2  iGeneral Counsel, P.C.
   9595 Wilshire Blvd., STE 900
3  Beverly Hills, CA 90212
   Telephone: (310) 300-4082
4  Facsimile: (310) 300-8401

ASSIGNED FOR
ALL PURPOSES TO
STUART M. RICE
Judge   Div.
Dept.

5  Attorney for Plaintiff INTERNET BRANDS, INC., a Delaware Corporation

6

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10  INTERNET BRANDS, INC., a Delaware      )  Case No.  YC067706
    corporation,                          )
11                                        )  COMPLAINT FOR:
                Plaintiff,                )
12                                        )  1) TRADEMARK
13          v.                            )     INFRINGEMENT;
                                          )
14  WILLIAM RYAN HOLLIDAY, an             )  2) UNFAIR BUSINESS
    Individual; HOLLIDAY IT SERVICES,     )     PRACTICES UNDER THE
15  INC., a California corporation;  and  )     LANHAM ACT;
    JAMES HEILMAN, an individual; and     )
16  DOES 1-10, inclusive,                 )  3) UNFAIR BUSINESS
                                          )     PRACTICES UNDER
17                                        )     CALIFORNIA BUSINESS
                Defendants.               )     PRACTICES ACT, SECTION
18                                        )     17200; and
                                          )
19                                        )  4) CIVIL CONSPIRACY
                                          )
20  _____

21

22        COMES NOW Plaintiff, INTERNET BRANDS, INC. ("Internet Brands" or

23  "Plaintiff"), and for its claims against WILLIAM RYAN HOLLIDAY, an

24  individual, HOLLIDAY IT SERVICES, INC., a California Corporation, and

25  JAMES HEILMAN, an individual, (collectively, "Defendants") hereby alleges as

26  follows:

27

28

NO SUMMONS ISSUED UPON FILING

BY FAX

COMPLAINT

## JURISDICTION AND VENUE

1.     This Court has personal jurisdiction over Defendants pursuant to the California Code of Civil Procedure, Section 410.10, the California State Constitution, and the United States Constitution, in that Defendants Holliday and Holliday IT Services, Inc. are residents of the State of California and Defendant Heilman has purposefully availed himself of commerce in the State of California, violated a contract entered into in California, and tortuously caused injury within the State of California.

2.     Venue is proper in this Court pursuant to California Code of Civil Procedure, Section 395, in that Defendants Holliday and Holliday IT Services, Inc. reside in Los Angeles County and the injury occurred in Los Angeles County.

## THE PARTIES

1.     Internet Brands is a Delaware corporation having its principal place of business at 909 Sepulveda Boulevard, 11th Floor, El Segundo, California, 90245.

2.     Plaintiff is informed and believes and thereon alleges that Defendant Holliday IT Services, Inc. is a corporation organized and existing pursuant to the laws of the State of California, with its principal place of business located at 4247 Neosho Ave., Los Angeles, CA90066-6129.

3.     Plaintiff is informed and believes and thereon alleges that Defendant William Ryan Holliday ("Holiday") is an individual who resides in Los Angeles County, State of California.

4.     Upon information and belief, Defendant Holliday IT Services, Inc. is merely the alter-ego of Defendant Holliday and thus liability against Defendant Holliday and Defendant Holliday IT Services, Inc. should be joint and several, and this Court may appropriately pierce the improper corporate veil to adjudicate personal liability against Defendant Holliday.

5.     Plaintiff is informed and believes and thereon alleges that Defendant James Heilman ("Heilman") is an individual who resides in the province of

1
COMPLAINT

1  Saskatchewan, Canada.

2  **FACTS GIVING RISE TO CLAIMS**

3      6.    Internet Brands restates, re-alleges and incorporates paragraphs 1

4  through 5 as if fully set forth herein.

5      7.    Headquartered in El Segundo, California, Internet Brands is a media

6  company that operates various websites and also develops and licenses Internet

7  software and social media applications.  Within its Consumer Internet Division,

8  Internet Brands owns and operates more than 200 websites in nine different

9  categories, including travel.

10      8.    Within the travel category, Internet Brands owns and operates twenty-

11  seven different travel related websites, including wikitravel.org (the "Wikitravel

12  Website"), which it acquired in 2005 for $1,700,000 from Evangelo Prodromou

13  and Michele Jenkins (the "Sellers").

14      9.    The Wikitravel Website is a website designed and operated to create a

15  free, complete, up-to-date, and reliable worldwide travel guide.  To date, the

16  Wikitravel Website has over 62,000 destination guides and other articles written

17  and edited by travellers from around the globe.

18      10.    In addition to owning the Wikitravel Website, Internet Brands owns

19  and has the rights to the trademark "WIKITRAVEL" (the "Trademark"), which it

20  has used consistently and continuously since 2005. Today, Wikitravel is one of the

21  largest and most popular travel information website in the world, known

22  worldwide by its tradename.

23      11.    The content on the Wikitravel Website can be created, deleted,

24  modified, and otherwise edited by anyone, and is done so under a Creative

25  Commons Attribution – ShareAlike License (the "License").

26      12.    The License essentially provides that every contributor to the

27  Wikitravel Website gives the right to anyone else to copy the content, so long as

28  the copier gives attribution to the original content creator and retains the work and

1   any derivative works under the same License.

2       13.    Internet Brands employs a strong team of technology, management,

3   and other business personnel to oversee, operate, and improve the Wikitravel

4   Website.

5       14.    In addition, Internet Brands relies on its staff and dozens of volunteer

6   administrators (the "Administrators") to protect the quality of the content posted,

7   to remove spam, and to otherwise oversee the Wikitravel Website.

8       15.    Defendant Holliday was an Administrator on Wikitravel from June

9   27, 2005 until August 21, 2012.

10       16.    The Wikimedia Foundation is the organization that operates

11   Wikipedia.org and other "sister projects."

12       17.    The Wikimedia Foundation has raised tens of millions of dollars,

13   some of, which it intends to use for the benefit of "sister projects" including other

14   Wiki sites.

15       18.    Heilman is a Board member of Wikimedia Canada, which is the

16   thirty-third local chapter of the Wikimedia Foundation.

17       19.    On February 23, 2012, Heilman signed up for an account on

18   Wikitravel, and, for the first time, posted on that site.

19       20.    Heilman's February 23rd and subsequent posts were not for the benefit

20   of the Wikitravel users or its broad community, but were specifically for the

21   benefit of the Wikimedia Foundation.  Specifically, he began a course of conduct

22   intended to usurp the Wikitravel community; these actions included deliberately

23   misleading statements, and Trademark infringement and violation of Internet

24   Brands' intellectual property rights.

25       21.    His plan was simple: create the illusion that Wikitravel Website was

26   substantially "broken" and that the Wikimedia Foundation, out of generosity and

27   benevolence, would be "bringing together," "integrating" or "migrating"

28   Wikitravel to its control for the benefit and betterment of the Wiki community.

22.    Heilman announced that the "new" site, which would combine the Wikitravel Website through a straw-man transaction with Wikivoyage.org (the "Wikivoyage Website") into a Wikimedia Foundation website that would be called "Wiki Travel Guide" (the "Infringing Website").

23.    In order to help effectuate this plan, Heilman offered to assist the formation of the Infringing Website, spearheading and organizing certain planning and logistics of the infringing activity, and playing a broad and substantive role in "carrying the water" for the Infringing Website including the infringing acts.

24.    Heilman was heavily involved in recruiting the support of others for various aspects of the development of the Infringing Website, the violation of the Trademark, and violation of the License.

25.    In April, Heilman and Ryan engaged in an email thread with several others involved in the scheme in which the parties specifically discussed keeping the matter private for fear that Internet Brands would "get wind of it" and begin "actively resisting."

26.    On July 12, 2012, Heilman met at the Wikimania convention with a number of Administrators and others to reach a further meeting of the minds as to the unlawful acts to be undertaken.

27.    On July 14, 2012, more clearly revealing their true intent of converting the Wikitravel Website to its own project, the Wikimedia Foundation asked Internet Brands to "donate" the Wikitravel Website, domain name, and the trademark rights to WIKITRAVEL.

28.    When Internet Brands refused, the defendants escalated their efforts to trade on the Trademark, confuse the marketplace, misrepresent the origin, and violate the License.

29.    For example, on August 18, 2012, Holliday improperly and wrongfully emailed at least several hundred of Wikitravel members, purporting to be from Wikitravel and informing members that the Wikitravel Website was

4
COMPLAINT

1   "migrating" to the Wikimedia Foundation.  Upon information and belief, the
2   number emailed is far greater.

3       30.    Specifically, Holliday's email contained the Subject Line, "Important
4   information about Wikitravel" and its body stated, "This email is being sent to you
5   on behalf of the Wikitravel administrators since you have put some real time and
6   effort into working on Wikitravel.  We wanted to make sure that you are up to
7   date and in the loop regarding big changes in the community that will affect the
8   future of your work!  As you may already have heard, Wikitravel's community is
9   looking to migrate to the Wikimedia Foundation."

10       31.    Holliday and Heilman clearly intended to confuse Wikitravel Website
11   participants into thinking the Wikitravel Website is migrating to Wikimedia, in
12   order to gain, through improper and illegal means, all the traffic and content
13   creators currently contributing to Wikitravel.

14       32.    Holliday not only violated trademark laws, he violated the
15   administrative access given to him by Internet Brands by improperly using
16   personal information stored on Internet Brands' servers about users and writing to
17   them by name, in an attempt to bolster the appearance of a direct communication
18   from the owners of the Wikitravel Website.

19       33.    The defendants pride themselves in operating in a transparent fashion,
20   when in actuality, the defendants have deliberately misrepresented facts and
21   conspired with each other and many more to violate several laws in order to gain
22   personally.

23       34.    Worse still, the creation of "Wiki Travel Guide" has been done
24   without proper attribution to the original content creators, in clear violation of the
25   Attribution-Share License and the rights of the original creators.

26       35.    The defendants Heilman and Holliday clearly have not acted alone.
27   Further investigation continues to reveal additional co-conspirators and additional
28   tortious and improper conduct.  Additional defendants and causes of action are

1   expected through amendment, potentially including other Administrators that have

2   been most corrupt in this scheme and any entity or individuals that provided them

3   support or otherwise participated in these wrongful acts.  This potentially includes

4   the Wikimedia Foundation, members of its Board, other individual members of

5   the Foundation, or anyone else who acted tortiously.

6                                          **COUNT I**

7               **COMMON LAW TRADEMARK INFRINGEMENT**

8        36.    Internet Brands re-alleges and incorporates the allegations set forth in

9   paragraph 1 through 35 herein

10       37.    Internet Brands owns and uses the Wikitravel trademark and enjoys

11  common law rights to the trademark as set forth above and thus these rights are

12  superior and senior to any rights that Defendants or anyone else may claim to the

13  Trademark.

14       38.    Defendants' use of the Trademark is intentionally designed to

15  replicate the Trademark owned by Plaintiff so as to likely cause confusion in the

16  marketplace as to the source of the Infringing Website, and designed to create the

17  illusion as to the affiliation with or creation by Internet Brands' Wikitravel

18  Website.

19       39.    Defendants' actions are to the detriment of Plaintiff.

20       40.    As a result of the infringing acts by Defendants, Plaintiff has been and

21  continues to be injured and damaged.

22                                         **COUNT II**

23  **FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN**

24               **AND TRADE NAME INFRINGEMENT**

25               **(Lanham Act, §43(a), 15 U.S.C. §1125)**

26       41.    Internet Brands re-alleges and incorporates the allegations set forth in

27  paragraph 1 through 40 herein.

28       42.    Defendants' unauthorized use of a mark confusingly similar to

1 Internet Brands' Wikitravel trade name and trademarks for identical and related
2 products, i.e., an informational travel website, falsely indicates that Defendants'
3 and their website are connected with, sponsored by, affiliated with or related to
4 Wikitravel.

5      43.    Defendants' unauthorized use of a mark confusingly similar to
6 Internet Brands' Wikitravel trade name and trademarks for an identical and related
7 website is likely to cause confusion, mistake or deception as to the source,
8 business affiliation, connection or association of Defendants and their website.

9      44.    Defendants' unauthorized use of a mark confusingly similar to
10 Internet Brands' Wikitravel trade name and trademarks for identical and related
11 website allows Defendants to receive the benefit of Internet Brands' Wikitravel
12 goodwill, which Internet Brands has established at great labor and expense, and
13 further allows Defendants to expand its business, based not on its own qualities,
14 but on the reputation and goodwill of Internet Brands' Wikitravel.

15      45.    The acts of Defendants complained of herein constitute unfair
16 competition, false designation of origin, and trade name infringement in violation
17 of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

18      46.    Internet Brands is informed and believes and thereon alleges that
19 Defendants' acts complained of herein have been deliberate, willful and
20 intentional, with full knowledge and in conscious disregard of Internet Brands'
21 rights in its Wikitravel trademark and with intent to trade off of Internet Brands'
22 vast goodwill in its mark.

23      47.    As a result of the foregoing alleged actions of Defendants, Defendants
24 have been unjustly enriched and Internet Brands has been injured and damaged.

25                 **COUNT III**
26          **UNFAIR COMPETITION**
27        **(Cal. Bus. Prof. Code §17200)**

28      48.    Internet Brands re-alleges and incorporates the allegations set forth in

1   paragraph 1 through 47 herein.

2      49.    Defendants are offering Administrators, contributors and other users a

3   competitive website by trading on Internet Brands' Wikitravel Trademark.

4      50.    Internet Brands is informed and believes and thereon alleges that

5   Defendants are profiting, directly or indirectly, through the use of Internet Brands'

6   Wikitravel Trademark in a deliberate, willful, intentional and wrongful attempt to

7   trade off of Internet Brands' goodwill, reputation and financial investment in its

8   Wikitravel trademark.

9      51.    By reason of the conduct described above, Defendants have engaged

10  in unlawful, unfair and/or fraudulent business practices, and is in violation of Cal.

11  Bus. & Prof. Code Section 17200 because it is likely to deceive and mislead the

12  public.

13     52.    As a direct result of Defendants' unfair competition, Defendants have

14  unlawfully acquired, and continue to acquire on an ongoing basis, an unfair

15  competitive advantage and have engaged, and continue to engage, in wrongful

16  business conduct to their advantage and to the detriment of Internet Brands.

17     53.    As a result of the foregoing alleged actions of Defendants, Defendants

18  have been unjustly enriched and Internet Brands has been injured and damaged.

19

20                              **COUNT IV**

21                          **CIVIL CONSPIRACY**

22     54.    Internet Brands re-alleges and incorporates the allegations set forth in

23  paragraph 1 through 53 herein.

24     55.    Two or more persons, including both Defendants, had an agreement

25  or meeting of the minds to commit numerous tortious acts.

26     56.    Two or more persons, including both Defendants did in fact commit

27  numerous tortious acts, as agreed.

28     57.    The commission of those tortious acts caused Plaintiff injury and

                                   8
                              COMPLAINT

1  damages.

2      58.    As a result, Defendants have been unjustly enriched and Internet

3  Brands has been injured and damaged.

4                              **JURY DEMAND**

5  Plaintiffs request a jury trial on all claims so triable.

6

7                           **PRAYER FOR RELIEF**

8  WHEREFORE, Internet Brands prays that:

9      1.  Judgment be entered for Internet Brands on all claims.

10     2.  Defendants, their agents, servants, employees, attorneys, and all others in

11 active concert or participation with any of them, be enjoined and restrained

12 permanently from:

13     (a)  making visible use of the Internet Brands' Wikitravel mark or any other

14 mark confusingly similar thereto;

15     (b)  making any other trademark use of Internet Brands' Wikitravel trade

16 name or trademark; and

17     (c)  doing any other act or thing likely to confuse, mislead, or deceive others

18 into believing that Defendants or their affiliates, employers, contractors, or agents

19 are providing a website service that comes from, is affiliated with, connected with,

20 sponsored or approved by, or associated with Internet Brands' Wikitravel Website;

21     3.  Defendants be required to pay:

22     (a)  damages, according to proof at trial;

23     (b)  Internet Brands' attorneys' fees and costs of this action, as a result of

24 Defendants' willful infringement of Internet Brands' trademark; and

25     (c)  punitive damages in an amount to be determined at trial as a result of

26 Defendant's willful conspiracy to commit unlawful business practices.

27     4.  Any other relief this Court deems just and appropriate.

28 //

1    DATED:  August 21, 2012

2                                         Respectfully submitted,

3                                         iGENERALCOUNSEL, P.C.

4                                         By:

5                                         Wendy Evelyn Giberti

6                                         Attorney for Plaintiff INTERNET
                                          BRANDS, INC., a Delaware
7                                         Corporation

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                     10

08/29/2012 11:12 FAX   3108453379        Westside Justice                    ☑0005/0015

# COPY

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
Wendy Evelyn Giberti (SBN 265933)
iGeneral Counsel, PC
9595 Wilshire Blvd., STE 900
Beverly Hills, CA 90212
TELEPHONE NO.: (310) 300-4082      FAX NO.: (310) 300-8401
ATTORNEY FOR *(Name):* Plaintiff, Internet Brands, Inc.
SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 825 Maple Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Torrance, CA 90503
BRANCH NAME: Torrance Courthouse

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 8 2012

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

CASE NAME:
Internet Brands, Inc. v. William Ryan Holliday, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: YC067706 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 24, 2012
Wendy E. Giberti
_____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

08/29/2012 11:12 FAX  3106453379        Westside Justice                    ☒0004/0015

# COPY

| SHORT TITLE Internet Brands, Inc. v. William Ryan Holliday, et al. | CASE NUMBER YC067706 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 5  ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons (See Step 3 Above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 2, 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 2, 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 2, 3, 4, 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4. |

LACIV 109 (Rev. 03/11)                **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2.0
LASC Approved 03-04                    **AND STATEMENT OF LOCATION**               Page 1 of 4

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25). | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | | CASE NUMBER |
|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Internet Brands, Inc. v. William Ryan Holliday, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 909 N. Sepulveda Blvd., 11th Floor |
|---|---|
| ☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Torrance___ courthouse in the ___Southwest___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___August 24, 2012___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

08/29/2012 11:13 FAX  3106453379          Westside Justice                    ☑0006/0015

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 2 8 2012

John A. Clarke, Executive Officer/Clerk

By Lanelle M. Galindo, Deputy

COURTHOUSE ADDRESS:
Southwest Dist.  825 Maple Ave., Torrance, CA 90503

PLAINTIFF:
Internet Brands Inc

DEFENDANT:
Holliday

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
**YC067706**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 2-4-13    Time: 8:30    Dept: B

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  8-28-12                                    **STUART M. RICE**

_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party notice upon filing of the complaint.

Dated:  8-28-12                        JOHN A. CLARKE, Executive/Officer Clerk

                                       By _____
                                              Deputy Clerk

LACIV 132 (Rev. 09/07)              **NOTICE OF**
LASC Approved 10-03          **CASE MANAGEMENT CONFERENCE**        Cal. Rules of Court, rules 3.720-3.730
                                                                   LASC Local Rules, Chapter Seven

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel



Association of
Business Trial Lawyers



California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          >  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)

Date:

_____          >  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____          >  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____          >  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**          Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name): | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, __briefly__ describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, __briefly__ describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)                       INFORMAL DISCOVERY CONFERENCE
LASC Approved 04/11          (pursuant to the Discovery Resolution Stipulation of the parties)

08/29/2012 11:17 FAX   3106453379          Westside Justice                    ☑0013/0015

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                              FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)                    **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11        (pursuant to the Discovery Resolution Stipulation of the parties)

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:   _____          _____
                                                                    JUDICIAL OFFICER

08/29/2012 11:17 FAX   3106453379              Westside Justice                    ☑0014/0015

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate**
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate**
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate**
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate**
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   **Cases for Which Neutral Evaluation May Be Appropriate**
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   **Cases for Which Neutral Evaluation May Not Be Appropriate**
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

08/29/2012 11:18 FAX  3106453379           Westside Justice                          ☑0015/0015

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code section 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (Non-Custody):**

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or they may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | | |
|---|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. | |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. On a panel of the Court will serve the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. | |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. | |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8595 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)545-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6161 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7328 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR.005 (Rev.12-09)
LASC Approval 05-09

Page 2 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2